FULTON FURS, INC., Plaintiff, *v.* MAISON SASA, INC., Defendant.

Municipal Court of the City of New York, Borough of Brooklyn, June 15, 1945.

*Herman Vogel* and *Charles Vogel* for defendant.

*Malvin B. Mariash* for plaintiff.

WINTER, P. J. This proceeding originated in a complaint presented by the defendant's attorney to me on May 23, 1945, which

pertains to the administration of justice by the officers of this court in the Fourth District of Brooklyn. The complaint is directed at the placing of this action on the trial calendar of the court in that district on the 23d day of May, 1945, in violation of the New York City Municipal Court Code (L. 1915, ch. 279), the rules of this court and also of the calendar practice rules established by the President Justice's office.

Upon defendant's attorney's application, an order to show cause was signed by me on the 23d day of May, 1945, staying all proceedings pending herein. On its return a question of fact developed as to the circumstances under which this action was placed upon the calendar of this court for trial on May 23, 1945. To determine the issue, a hearing upon oral testimony was had. The following facts may be fairly and reasonably found from the record:

The action is one to recover from the defendant the sum of $500, an indebtedness which is described in the contract attached to the complaint as rent. The consideration for this rent is the exclusive use and the present, past and future possession by the defendant of a definitely described portion of certain premises located in the First District of Brooklyn. From this it would seem that the action is against a tenant in possession to recover rent or for the use and occupation of real estate and is required by section 17 of the New York City Municipal Court Code to be brought in the district where the premises are located, namely, in the First District, Brooklyn.

Notwithstanding this, however, the summons herein is designated by a number classifying the action as one triable in any district in the borough and was filed on the 9th day of May, 1945, in the office of the clerk in the Fourth District of Brooklyn, the plaintiff's attorney having selected this district over the First District in Brooklyn, so as to rush the case to an immediate trial. The answer herein, filed on May 12, 1945, alleges several defenses, all of them available to tenants and licensees of real estate under the Business Rent Control Act, chapter 314 of the Laws of 1945 of this State, and also demands a change of venue to the First District of Brooklyn. In the face of that answer, on the 17th day of May, 1945, the defendant's attorney was served with a notice of trial of the action in the Fourth District of Brooklyn " on the 22d day of May, 1945, etc." as provided by section 95 of the New York City Municipal Court Code.

This notice of trial was never delivered to or left with any of the clerks or any person attached to or connected with the clerk's office in the Fourth District and never came into their possession nor was seen by any of them until the 23d day of May, 1945. It was never and is not now filed in that clerk's office, although rule V of the General Rules of the Municipal Court of the City of New York requires such filing at least four days before the date fixed for trial. Because of this, no calendar number was or could be assigned by the clerk of the court and, consequently, the action was not placed on the advance calendars of the court that are published in the New York Law Journal and filed in the office of the President Justice, as required by the rules of practice.

In the meantime and on the 21st day of May, 1945, the defendant's attorney was advised of this situation by a service representative. At about the same time, plaintiff's attorney, Mr. Mariash, was in touch with Aloysius J. Horn, a friend of his of long standing. Mr. Horn is also an official court stenographer of this court, permanently assigned to the Trial Justice sitting in this district for the May, 1945, term. Conversations between Mr. Mariash and Mr. Horn occurred, about which there is some dispute. Following Mr. Mariash's transactions with Mr. Horn, whatever they were, at about 4:00 o'clock in the afternoon of the 22d of May, the defendant's attorney received a telephone call from Mr. Mariash, who stated categorically that the case would be tried on May 23d and that regardless of the report of the lawyers' service as to the filing, the notice of trial was in the court and the case would be tried on the next court day, May 23d, and that defendant's counsel should be there without fail and maybe the case could be settled.

At the call of the calendar, on May 23d, the plaintiff's attorney, Mr. Mariash, and also Mr. Vogel, defendant's attorney, appeared. Mr. Mariash applied to the sitting Justice to have the case placed on the calendar. A colloquy took place during which the papers were sent for from the clerk's office. No notice of trial and reply were in the papers brought in from the clerk's office. A search took place. The notice of trial and reply were finally located by the Judge upon his bench in the courtroom among other papers. No stamp was found upon it of its filing in the clerk's office. Notwithstanding this, the Justice thereupon entered the case as an adjourned case on the calendar sheet in his own handwriting at the bottom of the list of adjourned cases. This entry preceded all cases listed as " New cases ", in all of which the notices of trial had been regu-

larly assigned and published in the New York Law Journal and filed in the President Justice's office. No order was made or entered by the sitting Justice directing the filing of the notice of trial *nunc pro tunc,* nor was it filed or docketed in that office, so that so far as the record in this action shows, no notice of trial was ever filed.

While all this was transpiring, the defendant's attorney protested, asserting that the action was filed in the wrong district in violation of the New York City Municipal Court Code, that no notice of trial had been filed with the clerk as provided in the rules and requested time for a formal motion to transfer the action to the First District under section 17 of the New York City Municipal Court Code. The application was denied by the Trial Judge, but to enable the defendant to get ready the action was adjourned for trial in the Fourth District on the 25th day of May by a notation by the Justice to that effect on the calendar sheet. Promptly thereafter on that same day the complaint was presented to me as set forth herein.

It seems to me that the placing of this action on the calendar of the Fourth District for trial on the 23d day of May, 1945, under these circumstances, was clearly a violation of section 95 of the New York City Municipal Court Code and rule V of the General Rules established by the Board of Justices of this court and rule 4 of the Rules Controlling Calendar Practice established by the President Justice. It also constituted a preference of this action over others entitled to priority in violation of the New York City Municipal Court Code and the rules of practice. Plaintiff's counsel has questioned my authority to intervene in this situation on these facts and has respectfully suggested that the situation is a matter only for the Appellate Term to review after judgment is entered upon the trial.

I disagree with this. My powers in the premises are set forth in sections 7 and 143 of the New York City Municipal Court Code. In addition to powers of general supervision over the business of the court the President Justice by section 7 [subd. 3] is specifically granted the power to make and modify rules controlling calendar practice and " for the purposes stated, or otherwise to facilitate the transaction of business of the court, to transfer cases from one district to another in the same borough * * *." The complaint involves the President Justice's control of the calendar.

Section 7 [subd. 7] also gives the President Justice the power and imposes the duty upon him to receive and cause " to be investigated all complaints presented to him pertaining to the

court or to the justices, officers or employees thereof '' and '' take such steps as he shall deem necessary or proper in respect of any complaints, and may in any case prefer charges before the appellate division, * * *.''

Having investigated the complaint presented to me by the defendant pertaining to the conduct of officers of this court in the Fourth District, and having found from the testimony taken by me under oath in this proceeding the facts that I have set forth, I deem it necessary and proper in respect to this complaint to enter an order in this action striking the action from the calendars of this court and also to issue an administrative order to the clerk in the Fourth District of the New York City Municipal Court, Borough of Brooklyn, to forthwith return to the plaintiff's attorney by registered mail the two papers, respectively designated as notice of trial and reply, which were placed among the filed papers in this action by the Trial Justice in court on the 23d day of May, 1945. Also, in my opinion, a transfer of this action to the First District in Brooklyn will facilitate the business of the court by disposing of the complications arising out of a trial in the Fourth District and will thereby insure the plaintiff speedier and surer relief.

Therefore, upon the consent of the plaintiff's attorney made upon the minutes taken before me in the proceedings upon the order to show cause herein, I am also entering an order in this action transferring it to the First District of this court in Brooklyn.